# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAMES E. DENNIS,

    Plaintiff,

v.

RICHARD JENSEN, et al.,

    Defendants.

CIVIL ACTION NO. 4:10-CV-1486

(JUDGE CAPUTO)

(MAGISTRATE JUDGE BLEWITT)

## MEMORANDUM

Presently before the Court is the Report and Recommendation of Magistrate Judge Thomas M. Blewitt, (Doc. 8), recommending that this action be dismissed. The Court will adopt the Magistrate Judge's Report and Recommendation insofar as it recommends dismissing the claims against all Defendants and granting Plaintiff's *in forma pauperis* Motion (Doc. 5), but will reject the Magistrate Judge's determination that leave to amend would be futile. The matter will be recommitted to the Magistrate Judge for further proceedings.

## BACKGROUND

At all relevant times, Plaintiff James E. Dennis was incarcerated at USP-Canaan in Waymart, Pennsylvania. Dennis asserts he was denied medical care in violation of the Eighth Amendment, and has brought this *Bivens* action[1] against three USP-Canaan officials,

---

[1] A "*Bivens* action" is a judicially created remedy allowing individuals to seek damages for unconstitutional conduct by federal officials. This constitutional tort theory was set out in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). It is the federal counterpart to Section 1983 claims brought against state officials. *Egervary v. Young*, 366 F.3d 238, 246 (3d Cir.2004) (citing *Brown v. Philip Morris, Inc.*, 250 F.3d 789, 800 (3d Cir.2001)). As such, the Court disagrees with Dennis's assertion that the Magistrate Judge erred in failing to consider his claim under Section 1983 action. (Doc. 11 at ¶ 3).

seeking $250,000[2] and additional medical care.

On November 27, 2008, Dennis fell from his prison bunk and broke his wrist. Defendant Richard Jensen refused Plaintiff's request for a cast, giving him only a rubber wrist brace. On December 3, 2008, Defendant Mary Jane Denuzzia conducted an x-ray, also refusing Dennis's request for a cast. The next day, Defendant Jayne Vander Hey-Wright expressed concern about Dennis's wrist, but responded to his request for a cast by saying he would be receiving outside treatment soon. It was not until February 23, 2009 that Dennis was evaluated by an Orthopedic Surgeon, who recommended surgery for a "non-union" of the scaphoid bone. The surgeon also noted that a cast should have been applied. On May 26, 2009, Dennis received surgery to correct this injury, though he claims that his wrist still requires additional medical treatment.

The Magistrate Judge screened Dennis's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.[3] Finding that Dennis failed to plead sufficient Eighth

---

[2]The Magistrate Judge correctly struck Dennis's specific sum from the Complaint pursuant to Local Rule 8.1. Rule 8.1 ("Statement of Amount of Damages") provides that:

> The demand for judgment required in any pleading in any civil action pursuant to Fed.R.Civ.P.8(a)(3) may set forth generally that the party claiming damages is entitled to monetary relief but shall not claim any specific sum where unliquidated damages are involved. The short plain statement of jurisdiction, required by Fed.R.Civ.P.8(a)(1), shall set forth any amounts needed to invoke the jurisdiction of the court but no other.

[3]Section 1915 provides in pertinent part that:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
    (A) the allegation of poverty is untrue; or
    (B) the action or appeal--
        (i) is frivolous or malicious;
        (ii) fails to state a claim on which relief may be granted; or

2

Amendment claims, the Magistrate Judge recommended that Dennis's case be dismissed with prejudice as against all Defendants, but granted Dennis's *in forma pauperis* motion solely as to the filing of his Complaint. In his objection to the Magistrate Judge's Report and Recommendation (Doc. 11), Dennis argues that the Magistrate Judge misapprehended his arguments and failed to provide reason for dismissing with prejudice.[4]

## DISCUSSION

**I. Legal Standard for Reviewing a Report and Recommendation**

Where objections to the Magistrate Judge's report are filed, the court must conduct a *de novo* review of the contested portions of the report, *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c)), provided the objections are both timely and specific, *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir. 1984).  In making its *de novo* review, the court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993).  Although the review is *de novo*, the statute permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994).  Uncontested

---

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

[4]Dennis also argues that the Magistrate Judge erred in finding that he had failed to exhaust available administrative remedies.  (Doc. 11 at ¶ 3).  However, the Magistrate Judge explicitly noted that "Plaintiff indicat[ed] that he has exhausted all of his available BOP administrative remedies with respect to his claims."  (Doc. 8 at 3-4).

3

portions of the report may be reviewed at a standard determined by the district court.  *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7.  At the very least, the court should review uncontested portions for clear error or manifest injustice.  *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376–77 (M.D. Pa. 1998).  As such, the Court reviews the portions of the Report and Recommendation to which the Plaintiff objects *de novo*.  The remainder of the Report and Recommendation is reviewed for clear error.

## II. Denial of Medical Care

The Eighth Amendment prohibits "unnecessary and wanton infliction of pain," which includes "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976).  Such a claim requires that a plaintiff allege "(i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." *Natale v. Camden County Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003).  Malpractice is not alone sufficient. *Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004).  Instead, it must be shown that an official knowingly disregarded an excessive medical risk–"the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  "Deliberate indifference may be manifested by an intentional refusal to provide medical care, delayed medical treatment for non-medical reasons, a denial of prescribed medical treatment, or a denial of reasonable requests for treatment that results in suffering or risk of injury." *Beckett v. Department of Corrections*, Civil No. 1:CV–10–00050, 2011 WL 4830787 at * 11 (M.D. Pa. Oct. 12, 2011).

Dennis alleges that after having broken his wrist, he requested that Defendant

Richard Jensen supply him with a cast. Instead, Dennis was given a wrist brace and an x-ray was scheduled. I agree with the Magistrate Judge's determination that, as pleaded, such a denial does not amount to an Eighth Amendment violation. Even if a cast was medically required, this omission alone indicates, at most, negligent treatment of a broken wrist. Dennis has failed to include any further facts or allegations indicating that Jensen realized a substantial risk of serious harm, or that his refusal to apply a cast was based on a deliberate indifference to Dennis's safety. Thus, I will adopt the Magistrate Judge's determination that Dennis has failed to state an Eighth Amendment claim as against Defendant Jensen.

For very similar reasons, I also agree that Dennis has failed to state claims as against Defendants Denuzzia and Vander Hay-Wright. Dennis's claim against Denuzzia–that after conducting an x-ray, she also declined his request for a cast–exhibits only potential negligence, containing no allegations of deliberate indifference or awareness of a substantial risk of serious harm. Additionally, Dennis's claim against Vander Hay-Wright also fails to plead acts sufficient for an Eighth Amendment violation. The Complaint alleges only that she brushed off Dennis's request for a cast, telling him that he would see an outside Orthopedist "soon," and that by the time he saw one, almost three months later, his wrist had gotten worse. While this also appears to constitute only negligent treatment, there are certainly no facts indicating that this delay was deliberate or attributable to Vander Hay-Wright. Moreover, Dennis never alleges that any of the Defendants were specifically made aware of his suffering, only that it was hard to sleep with the rubber brace.[5]  *See Mimms v.*

---

[5] However, in his attached BP-8 grievance (Doc. 1, Ex. A), Dennis does state that following the initial examination, presumably with Defendant Jensen, he "vigorously sought

5

*U.N.I.C.O.R.*, 386 Fed.Appx. 32, 36 (3d Cir. 2010) (upholding a district court's finding of no deliberate indifference where the plaintiff failed to allege that "pain was severe or that he informed prison officials about the pain and was denied treatment."). Without such allegations of severe pain, a mere denial of requested medical care is not actionable since a disagreement over a course of treatment does not alone constitute an Eighth Amendment violation. *White v. Napoleon*, 897 F.2d 103, 110 (3d Cir. 1990). The Court therefore agrees with the Magistrate Judge's determination that Dennis has failed to plead a sufficient Eighth Amendment claim against all three Defendants.

     The Court does not agree, however, that leave to amend is not warranted. It is well-established that "if a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. County of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008) (citation omitted). Furthermore, Federal Rule of Civil Procedure 15(a) directs the Court to "freely give leave when justice so requires." This principle applies equally in situations where a plaintiff does not affirmatively seek a leave to amend, though a court may ultimately dismiss if the plaintiff does not submit such an amended pleading. *Phillips*, 515 F.3d at 245. While there is nothing in the Complaint indicating that any of the Defendants were deliberately indifferent, the Court does not find that it impossible that further facts pertaining to Defendants' conduct could potentially support such a claim. As such, the Court will give Dennis leave to amend his Complaint.

---

medical attention due to constant pain for months and the results were the same insisting that I was due for an MRI and this was the best that could be done." While not specific enough to alone support a claim as against any of the three Defendants, it does indicate that leave to amend may not necessarily be futile.

**CONCLUSION**

For the reasons above, the Court will adopt in part and reject in part the Magistrate Judge's Report and Recommendation. (Doc. 8). The Court agrees that Plaintiff's Complaint fails to sufficiently allege an Eighth Amendment denial of medical treatment claim against all Defendants, but does not agree that leave to amend would be futile. As such, Plaintiff will be given twenty-one (21) days to amend his Complaint. The matter will be recommitted to the Magistrate Judge for further proceedings. An appropriate order follows.

| | |
|---|---|
| November 29, 2011 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JAMES E. DENNIS, | |
| Plaintiff, | CIVIL ACTION NO. 4:10-CV-1486 |
| v. | (JUDGE CAPUTO) |
| RICHARD JENSEN, et al., | (MAGISTRATE JUDGE BLEWITT) |
| Defendants. | |

# ORDER

**NOW** this 29th day of November, 2011, after consideration of Magistrate Judge Thomas M. Blewitt's Report and Recommendation (Doc. 8), **IT IS HEREBY ORDERED THAT** the Report and Recommendation is **ADOPTED IN PART** and **REJECTED IN PART** as follows:

(1) Plaintiff's *in forma pauperis* motion (Doc. 5) is **GRANTED**.

(2) Plaintiff's claims against Defendants Richard Jensen, Jane Vander Hey-Wright and Mary Jane Denuzzia are **DISMISSED**.

(3) Plaintiff has twenty-one (21) days from the date of this Order to file an amended complaint. Failure to do so will result in the dismissal of this action.

(4) This matter is **RECOMMITTED** to the Magistrate Judge.

                                              /s/ A. Richard Caputo
                                              A. Richard Caputo
                                              United States District Judge