IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAMES E. DENNIS,                  :      CIVIL ACTION NO. **4:CV-10-1486**
                                  :
          Plaintiff               :      (Judge Caputo)
                                  :
          v.                      :      (Magistrate Judge Blewitt)
                                  :
RICHARD JENSEN, et al.,           :
                                  :
          Defendants              :

## REPORT AND RECOMMENDATION

**I. Background.**

On July 16, 2010, Plaintiff, James E. Dennis, currently an inmate at USP-Atwater, California,

and formerly an inmate confined at USP-Canaan, Waymart, Pennsylvania, filed, *pro se,* a civil rights

action with this Court under *Bivens*[1] and  pursuant to 28 U.S.C. § 1331.  (Doc. 1).  Plaintiff attached

exhibits to his Complaint, namely copies of his BOP administrative remedies request and appeals.

Plaintiff also filed a Motion for Leave to Proceed *in forma pauperis.*  (Doc. 5).

Plaintiff's claims were set forth on three (3) pages of a form § 1331 Complaint along with a

1-paragraph continuance of his statement of claim. (Doc. 1, pp. 1-3).  Plaintiff named three (3)

Defendants in his original Complaint.  Specifically, Defendants were:  Richard Jensen, PA-

---

[1]*Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics,* 403 U.S. 388, 91 S.Ct.
1999 (1971).  Plaintiff Dennis' instant action falls within 28 U.S.C. § 1331 ("The district courts
shall have original jurisdiction of <u>all</u> civil actions arising under the Constitution, laws or treaties of
the United States." (Emphasis added).  This case is a *Bivens* action since Plaintiff seeks monetary
damages from federal officials for alleged violations of his constitutional rights. *See Oriakhi v.
Wood*, 2006 WL 859543, * 1, n. 1 (M.D. Pa.); *Conway v. Lindsay*, 2009 WL 1956282 (M.D.
Pa.).  In fact, Plaintiff recognized on the cover page of his original  Complaint as well as his
Amended Complaint that they were filed under §1331.  (Doc. 1, p. 1 & Doc. 32, p. 1).

C(Physician Assistant); Jane Vander Hey-Wright, HCA (Health Care Administrator); and Mary Jane

Denuzzia, RN (Registered Nurse).   The three individual Defendants were employed by the Bureau

of Prisons ("BOP") at USP-Canaan during the relevant times of this case.   (Doc. 1, p. 2).[2]

In his original Complaint, Plaintiff asserted Eighth Amendment denial of medical care claims

against Defendants   Richard Jensen, PA-C,   Jane Vander Hey-Wright, HCA, and Mary Jane

Denuzzia, RN.   Plaintiff stated his claim against the three Defendants as follows:

> On Nov. 27, 2008 I fell from my bunk [at USP-Canaan] and broke my wrist,
> I was told to go to medical.   Once there I seen "Richard Jensen" who checked
> out my wrist which was swollen (sic) I was given a wrist brace and told to
> return to my unit and that I would be receiving an X-Ray.   I told him I need
> a cast, but was refused.   On Dec. 3rd 2008 I was seen by "Mary Jane
> Denuzzia" for an X-Ray.   I was given one and after that I asked for a cast
> due to the fact that it was hard to sleep with a broken wrist.   I also told
> her that my wrist brace was stolen in hopes of getting a cast placed on my
> hand, but she gave me another brace and told me to return to my housing
> unit.   The next day at mainline (Lunch) I spoke with "Jayne Vander Hey-Wright",
> I told her that I needed a cast for my hand because it was hard to
> sleep in this condition with a rubber wrist brace on.   Ms. Vander Hey-Wright

---

[2]In his original Complaint (Doc. 1), Plaintiff indicated that he utilized the grievance
procedure available through the BOP.   However, Plaintiff's exhibits indicated that he filed an
initial grievance, BP-8, with his counselor at USP-Canaan regarding his wrist injury after his
November 27, 2008 fall from his bunk.   (Doc. 1, Ex. A).   Plaintiff contended that his counselor
did not respond to his grievance.   Plaintiff's attachments showed that he then filed an
administrative remedy request, BP-9, on September 14, 2009, when he was confined at USP-
Atwater, and complained that he did not get proper medical care for his wrist injury at USP-
Canaan.   (Id., Exs. B and C).   Plaintiff's exhibits showed that Plaintiff then exhausted his
administrative remedies with respect to his administrative remedy request, BP-9, dated
September 14, 2009, he filed when he was confined at USP-Atwater with respect to his present
Eighth Amendment claims.   (Id., Exs. C-F).
Plaintiff must fully exhaust his administrative remedies with respect to all of his claims
prior to filing  a civil rights suit.   See Porter v. Nussle, 534 U.S. 516, 532 (2002).   However,
Defendants have the burden to plead exhaustion as an affirmative defense.   See Ray v. Kertes,
285 F.3d 287, 295 (3d Cir. 2002); Spencer v. Zimmerman, 2009 WL 2994227 (M.D. Pa.).

told me that she knew that something was wrong with my wrist and that
I was put in to see the Orthopedic out side doctor.  I ask her if I could
have a cast placed on my hand until then and she said that I would be
going out soon.  By the time I went to see the out side doctor which was
3 to 4 months later my wrist had gotten worst.  The Orthopedist said
that I would have what they call a "non-union" that is a bone that is not
healing properly he also told me that my hand should've been placed
in a cast and that if I don't get this fixed I will have "Orthritist" if that is how
you spell it, in my hand, he said the only way to fix this is to have an
open hand surgery on my wrist.  I had the operation and now a year later I
have little to no movement of my wrist, my left hand can not bend back
(at all).

(Doc. 1, pp. 2-2A).

As relief in his original Complaint, Plaintiff requested  monetary damages from Defendants.

Specifically, Plaintiff sought compensatory damages in the amount of $250,000.00 and "to have

my wrist fixed so that it can bend again."  (*Id.*, p. 3).  Plaintiff did not state if he sued Defendants

in their individual and/or official capacities.[3]

On August 23, 2010, we screened Plaintiff's original Complaint as we were obliged to do

under the PLRA..[4]  *See Abdul-Akbar v. McKelvie*, 239 F. 3d 307, 314 (3d Cir. 2001); *Banks v. County

of Allegheny*, 568 F.Supp.2d 579, 589 (W.D. Pa. 2008).  We issued a Report and  Recommendation

("R&R") and recommended that Plaintiff's Eighth Amendment denial of medical care claims

---

[3]As we previously noted, Plaintiff Dennis cannot sue the BOP Defendants for monetary damages in their official capacities. *See Breyer v. Meissner*, 23 F. Supp. 2d 540, 544 (E.D. Pa. 1998); *Douglas v. BOP,* Civil No. 08-0140 (M.D. Pa.).

[4]The undersigned has been assigned this case for all pre-trial matters.

regarding his November 27, 2008 wrist injury against Defendants Richard Jensen, PA-C,  Jane Vander Hey-Wright, HCA, and Mary Jane Denuzzia, RN be dismissed with prejudice.  Moreover, we recommended  that Plaintiff's *in forma pauperis* motion (Doc. 5) be granted solely for the purpose of filing this action.   Finally, we recommended that Plaintiff's case be closed.  (Doc. 8).

On January 28, 2011, while our R&R was pending with the Court, Plaintiff filed a 5-paragraph Motion for Appointment of Counsel.  **(Doc. 18)**.  On July 18, 2011, Plaintiff filed a 4-sentence Motion for Summary Judgment.  **(Doc. 23)**.  Plaintiff did not file a brief in support of his Summary Judgment Motion or a Statement of Material Facts as required by Local Rules 7.5 and 56.1, M.D. Pa.  In his Summary Judgment Motion, Plaintiff simply states that since Defendants did not timely respond to his Objections to our August 23, 2010 R&R, they are in default and his constitutional claims should proceed to a jury trial.   We shall recommend that Plaintiff's Summary Judgment Motion be denied since the Court subsequently allowed Plaintiff to amend his Complaint and he did so, and since Plaintiff 's Amended Complaint has not yet been screened by the Court.

On November 29, 2011, the Court issued a Memorandum and Order, and adopted, in part, our R&R. (Doc. 25).  The Court agreed with our R&R that Plaintiff failed to state a cognizable Eighth Amendment claim against all three Defendants.  However, the Court did not agree with our R&R that any amended pleading by Plaintiff would be futile.   Thus, the Court granted Plaintiff 's *in forma pauperis* Motion (Doc. 5), and dismissed (without prejudice) Plaintiff's claims against the three Defendants.  The Court also afforded Plaintiff 21 days to file an amended Complaint.

After being granted extensions of time, on January 24, 2012, Plaintiff filed a Petition to Amend his Complaint, with two attached exhibits, pursuant to Fed.R.Civ.P. 15(a).  (Doc. 28).  On

4

January 31, 2012, we issued an Order and granted Plaintiff's Doc. 28 Motion. (Doc. 29).

Specifically, we directed, in part, as follows:

> 2.  Plaintiff Dennis shall file an Amended Complaint within **ten (10) days** of the date of this Order.
> 3.  Plaintiff's Amended Complaint shall properly allege a claim under 28 U.S.C. § 1331.
> 4.  Plaintiff's Amended Complaint shall be filed to the same docket number as the instant action and shall be entitled "Amended Complaint."
> 5.  Plaintiff's Amended Complaint shall be complete in all respects.  It shall be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed.  The amended complaint shall also be "simple, concise, and direct", as required by the Rules of Civil Procedure.  Fed.R.Civ.P. 8(e)(1).
> 6.  Failure of Plaintiff to timely file his Amended Complaint will result in a recommendation that his action be dismissed.

(Doc. 29).

Plaintiff then filed his Amended Complaint on February 22, 2012, with an attached exhibit, namely, a copy of Plaintiff's BOP medical record from March 1, 2011, in which he was examined by the USP-Atwater medical staff regarding his complaint of post-operative pain in his left wrist. (Doc. 32). The USP-Atwater medical staff found that Plaintiff had "mild [Degenerative Joint Disease] radiocarpal area, left" after his surgery on his left wrist.  (Doc. 32, Ex. A).   The treatment plan for Plaintiff  was over the counter pain medication and to follow up with sick call as needed.  Plaintiff also attached his 2-sentence Affidavit in Support of his Amended Complaint in which he avers that his left wrist was broken after he fell from the top bunk during his confinement at USP-Canaan and that "after months passed I was permitted to receive medical attention which sought immediate surgery due to the severity of my condition."

We now screen Plaintiff 's Amended Complaint as required under the PLRA. This Court has jurisdiction over Plaintiff's *Bivens* civil rights action pursuant to 28 U.S.C. § 1331.  *See Oriakhi v.*

*Wood*, 2006 WL 859543 (M.D. Pa.); *Latansio v. Sabol,* 2010 WL 4340394 (M.D. Pa. 10-26-10).

We find that Plaintiff has again failed to state a cognizable constitutional claim against the three Defendants in his Amended Complaint.

## II.  PLRA.

As stated, the Plaintiff filed an application to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915, and the Court granted it.  (Docs. 5 & 25).  The Prison Litigation Reform Act of 1995[5] (the "PLRA"), obligates the Court to engage in a screening process when a prisoner wishes to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.[6]  Specifically, Section 1915(e)(2), which was created by   § 805(a)(5) of the Act, provides:

> (2) Notwithstanding any filing fee, or any
> portion thereof, that may have been paid, the
> court shall dismiss the case at any time if the
> court determines that (A) the allegation of
> poverty is untrue; or (B) the action or appeal
> (i) is frivolous or malicious; (ii) fails to
> state a claim on which relief may be granted;
> or (iii) seeks monetary relief against a
> defendant who is immune from such relief.

---

[5]Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

[6]The Plaintiff filed an application to proceed *in forma pauperis* with this Court and an authorization to have funds deducted from his prison accounts.  The court then issued an administrative order directing the warden to commence deduction of the full filing fee due the court from the Plaintiff's prison trust fund account.  (Docs. 5, 6 and 7).

### III. *Bivens* Standard.

As stated, Plaintiff's instant case is a § 1331 civil rights action under *Bivens*.[7]  In *Naranjo v. Martinez*, 2009 WL 4268598, *6, the Court stated:

> *Bivens* creates no substantive rights, but rather allows "a citizen
> suffering a compensable injury to a constitutionally protected interest [to]
> invoke the general federal-question jurisdiction of the district court to
> obtain an award of monetary damages against the responsible federal official."
> *Butz v. Economou*, 438 U.S. 478, 504, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978).
> A civil rights claim brought under Bivens is the federal counterpart to an
> action brought under 42 U.S.C. § 1983, and the same legal principles
> governing a § 1983 claim apply to a *Bivens* claim.  *Brown v. Philip Morris Inc.*,
> 250 F.3d 789, 800 (3d Cir.2001); *Paton v. LaPrade*, 524 F.2d 862, 871
> (3d Cir.1975); *Cyrus v. Hogsten*, No. 06-2265, 2007 WL 88745, at *3
> (M.D.Pa. Jan.9, 2007). To state a claim under *Bivens,* the plaintiff must show
> that the defendant, acting under color of Federal law, deprived him of a
> right secured by the Constitution or laws of the United States. *Brown*,
> 250 F.3d at 800; *Cyrus*, 2007 WL 88745, at *3.
>
> Civil rights claims may only be brought against "persons." 42 U.S.C.
> § 1983. Individual liability in a civil rights action is personal in nature,
> and a defendant is liable only if he was personally, affirmatively involved
> in the alleged malfeasance. *C.N. v. Ridgewood Bd. of Educ.*, 430 F.3d 159,
> 173 (3d Cir.2005); *Robinson v. City of Pittsburgh*, 120 F.3d 1286, 1294
> (3d Cir.1997), abrogated in part on other grounds by *Burlington N. & Santa
> Fe Ry. Co. v. White*, 548 U.S. 53, 126 S.Ct. 2405, 165 L.Ed.2d 345
> (2006) (citing *Rhode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir.1988).
> Further, "[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983
> suits, a plaintiff must plead that each Government-official defendant,

---

[7]The Third Circuit in *Banks v. Roberts*, 2007 WL 3096585, * 1, n. 1, 251 Fed. Appx. 774 (3d Cir. 10-19-07) (Non-Precedential) noted that, "[a] '*Bivens* action' is a commonly used phrase for describing a judicially created remedy allowing individuals to seek damages for unconstitutional conduct by federal officials.  This constitutional tort theory was set out in *Bivens* . . . ."  *See also Naranjo v. Martinez*, 2009 WL 4268598, *1, n.1 (M.D. Pa.)(*Bivens* is the shorthand given to claims made against a federal agent for violations of a federal right, including constitutional rights.") (citation omitted).

through the official's own individual actions, has violated the constitution."
*Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1948, 173 L.Ed.2d
868 (2009) (collecting cases).

Further, a *Bivens* action is analogous to a civil rights action under 42 U.S.C. §1983.  *Id.*;

*Reynolds v. BOP*, 2010 WL 744127, *3 (E.D. Pa.).  *See also Beattie v. Dept. of Corrections SCI-*

*Mahanoy*, 2009 WL 533051,*3("a prerequisite for a viable civil rights claim is that a Defendant

directed, or knew of and acquiesced in, the deprivation of a Plaintiff's constitutional

rights.")(citation omitted).

The Court uses the same standard to screen a complaint under the PLRA as it does for a

12(b)(6) motion to dismiss.  *See O'Connell v. Sobina*, 2008 WL 144199, *3 (W.D. Pa.); *Matthews*

*v. Villella*, 2009 WL 311177, *2 (M.D. Pa.).

## IV. Motion to Dismiss Standard.

In *Reisinger v. Luzerne County*, 712 F.Supp. 2d 332, 343-344 (M.D. Pa. 2010), the Court

stated:

> The Third Circuit Court of Appeals recently set out the appropriate
> standard applicable to a motion to dismiss in light of the United States
> Supreme Court's decisions *Bell Atlantic Corp. v. Twombly,* 550 U.S. 433
> (2007), and *Ashcroft v. Iqbal,* --- U.S. ----, 129 S.Ct. 1937 (2009).  "[T]o
> survive a motion to dismiss, a complaint must contain sufficient factual
> matter, accepted as true to 'state a claim that relief is plausible on its
> face.' " *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 570). The
> Court emphasized that "only a complaint that states a plausible claim
> for relief survives a motion to dismiss." *Id.* at 1950. Moreover, it
> continued, "[d]etermining whether a complaint states a plausible claim
> for relief will ... be a context-specific task that requires the reviewing
> court to draw on its judicial experience and common sense." *Id.*
> (citation omitted).  *McTernan v. City of York,* 577 F.3d 521, 530 (3d
> Cir.2009). The Circuit Court discussed the effects of *Twombly* and *Iqbal*
> in detail and provided a road map for district courts presented with a
> motion to dismiss for failure to state a claim in a case filed just a week

before *McTernan, Fowler v. UPMC Shadyside,* 578 F.3d 203 (3d Cir.2009). [D]istrict courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [ *Iqbal,* 129 S.Ct. at 1949.] Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Philips [v. Co. of Allegheny],* 515 F.3d [224,] 234-35 [ (3d Cir.2008) ]. As the Supreme Court instructed in *Iqbal,* "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Iqbal,* 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*
*Fowler,* 578 F.3d at 210-11.

The Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts. In other words, "the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.' " *Guirguis v. Movers Specialty Services, Inc.,* No. 09-1104, 2009 WL 3041992, at *2 (3d Cir. Sept. 24, 2009) ( *quoting Twombly,* 550 U.S. at 555) (not precedential).

## V. Discussion.

As stated, Plaintiff asserts Eighth Amendment denial of medical care claims against Defendants Richard Jensen, PA-C, Jane Vander Hey-Wright, HCA, and Mary Jane Denuzzia, RN. We again do not find that Plaintiff, in his Amended Complaint, has sufficiently stated Eighth Amendment denial of medical care claims against Defendants Richard Jensen, PA-C, Jane Vander Hey-Wright, HCA, and Mary Jane Denuzzia, RN, with respect to the treatment for his November 27, 2008 broken left wrist. In his Amended Complaint, Plaintiff avers that after he sought medical attention for his broken wrist, it was determined that he required outside medical care to address

it.  Plaintiff alleges that Defendants (no names are stated) gave him a rubber brace for his wrist, and that a few days later the brace was taken when he was in the shower.  (Doc. 32, p. 2).  Plaintiff states that when he reported the brace missing and asked for a stronger support, "Defendants refused to give any support at all" and, told him that he should not have been careless with respect to losing  his brace.  (*Id.*).

In his Amended Complaint, Plaintiff also alleges that after three months, he was taken to an outside hospital and a specialist recommended that he receive surgery to repair his wrist.  Plaintiff avers that he was then taken back to USP-Canaan and that the specialist's direction for the prison medical staff to give him a short arm splint while he waited for surgery was not followed.  (*Id*.).  Plaintiff concludes that during the time he waited for his surgery, he continued to endure extreme pain since he did not have any support for his broken wrist.  (*Id.*).   Plaintiff contends that the delayed treatment  he received for his wrist caused him to now permanently suffer from arthritis to his wrist and limited motion.

We again find that Plaintiff's allegations amount only to negligence claims against all three Defendants regarding their failure to provide Plaintiff with a cast as opposed to a wrist brace while he waited for surgery.  As stated, Plaintiff also alleges that after his brace was taken by someone, Defendants refused to give him any other support for his wrist.  In fact, in his Petition to Amend his Complaint, Plaintiff stated, in part,  that the "Defendants['] negligence constitutes a breach of their obligatory duty owed to the Plaintiff according to both the constitution as well as prison policy." (Doc. 28, p. 2).  Plaintiff also stated that his original Complaint readily showed that he was subjected to negligent acts by Defendants.  (*Id*.).  Further, Plaintiff states that Defendants were

deliberately indifferent to his medical needs since after he timely received an x-ray, the treatment for his left wrist fracture was delayed for 3 ½ months until he was taken to an outside hospital for surgery by an orthopedic specialist, *i.e.* on May 26, 2009.  Plaintiff also states that the only treatment he received at USP-Canaan was the rubber brace he was given to secure his break. Additionally, Plaintiff states that if he received timely treatment for his wrist injury after he reported it, he would not have been limited in the usage of his wrist following the surgery as he now is.

The December 19, 2011, medical record from USP-Atwater indicates that Plaintiff was "unable to fully extend [his left wrist] and about 15 to 20 degrees flexion noted." (Doc. 28, Ex. B).  However, Plaintiff does not sufficiently state the personal involvement of the three Defendants regarding his allegations that they violated the Eighth Amendment.  Indeed, in his April 9, 2009 Inmate Request to Staff he submitted at USP-Canaan, he complained that he was not  receiving his surgery in a timely manner even though he was given an x-ray and an MRI a month and a half ago and, that his pain medication was gone.  (Doc. 28, Ex. A).  He also stated that his hand was in a lot of pain. Plaintiff did not name any Defendant in his April 9, 2009 Inmate Request to Staff, filed pursuant to 28 C.F.R. §542.13(a), and he did not claim that Defendants were deliberately delaying his needed operation for his wrist to needlessly cause him pain.[8]  Nor did Plaintiff state that Defendants

---

[8] If the identity of a prison staff member is relevant to an inmate's grievance under the BOP rules, then the failure to inmate to identify staff members who were involved with his claim may constitute a procedural default of the claim and a failure to exhaust administrative remedies.  *See Spruill v. Gillis,* 372 F.3d 218, 227–32 (3d Cir.2004) ("[P]rison grievance procedures supply the yardstick for measuring procedural default."); *see also Jones v. Bock,* 549 U.S. 199, 218, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007) ("The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."); *Mitchell v. Dodrill*, 696 F.Supp. 2d 454, 463 (M.D. Pa. 2010).

were aware that his pain medication was gone and that they refused to re-fill it.

Initially, we find that Plaintiff's Amended Complaint is in violation of Rule 8 despite the Orders of this Court specifically advising Plaintiff of the requirements to state a constitutional claim under the the Eighth Amendment in his *Bivens* civil rights action. *Pro se* parties are accorded substantial deference and liberality in federal court. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). They are not, however, free to ignore the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 8(a) requires that a complaint contain a short and plain statement setting forth (1) the grounds upon which the court's jurisdiction rests; (2) the claim showing that the pleader is entitled to relief; and (3) a demand for judgment for the relief sought by the pleader. *See Saltzman v. Independence Blue Cross*, 2009 WL 1606887, *4 (E.D. Pa.)("The Court in *Iqbal* explained that, although a court must accept as true all of the factual allegations contained in a complaint, that requirement does not apply to legal conclusions; therefore, pleadings must include factual allegations to support the legal claims asserted.").

In order to comply with Rule 8, a complaint must contain at least a modicum of factual specificity, identifying the particular conduct of the defendant that is alleged to have harmed the plaintiff, so that the court can determine that the compliant is not frivolous and a defendant has adequate notice to frame an answer. *Frazier v. Southeastern Pennsylvania Transp. Auth.*, 785 F.2d 65, 68 (3d Cir. 1986); *Klein v. U.S. Bank, N.A.*, 2010 WL 703255, *4.

Under even the most liberal construction, Plaintiff's Amended Complaint is in clear violation of Rule 8. It does not give any Defendant fair notice of what Plaintiff's claims against them are and

the grounds upon which they rest.  Even taking into account the fact that Plaintiff is proceeding *pro se*, his Amended Complaint is not in conformity with Rule 8 of the Federal Rules of Civil Procedure. It certainly does not set forth in brief, concise, and understandable terms the personal conduct of each Defendant about which Plaintiff is complaining.  In fact, Plaintiff does not even specifically mention any of the three Defendants in his Amended Complaint, he does not state relevant dates, and he does not state the personal involvement of each Defendant with respect to his Eighth Amendment claims.   Nor does Plaintiff 's Amended Complaint contain a request for relief.

As stated above, in our recent January 31, 2012 Order (Doc. 29), we gave Plaintiff specific directions as to his Amended Complaint.  Also, our prior R&R (Doc. 8) and the Court's Doc. 25 Memorandum gave Plaintiff specific requirements as to how he must state his  Eighth Amendment denial of proper medical care claims against Defendants.

In *Iseley v. Beard*, 2009 WL 1675731, *7 (M.D. Pa.), the Court stated that:

> A prison official acts with deliberate indifference to an inmate's serious medical needs when he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."*Farmer v. Brennan,* 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Thus, a complaint that a physician or a medical department "has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment ..." *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

In *Williams v. Klem*, 2008 WL 4453100, *7 (M.D. Pa.), the Court stated:

> The Eighth Amendment "requires prison officials to provide basic medical treatment to those whom it has incarcerated." *Rouse v. Plantier,* 182 F.3d 192, 197 (3d Cir.1999) (citing *Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)). In order to establish an Eighth Amendment medical claim, an inmate must allege acts or omissions by prison officials

sufficiently harmful to evidence deliberate indifference to a serious medical need. *See Spruill v. Gillis,* 372 F.3d 218, 235-36 (3d Cir.2004); *Natale v. Camden Cty. Correctional Facility,* 318 F.3d 575, 582 (3d Cir.2003). In the context of medical care, the relevant inquiry is whether the defendant was: (1) deliberately indifferent (the subjective component) to (2) the plaintiff's serious medical needs (the objective component). *Monmouth Cty. Corr. Inst. Inmates v. Lanzaro,* 834 F.2d 326, 346 (3d Cir.1987); *West v. Keve,* 571 F.2d 158, 161 (3d Cir.1979). A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that a layperson would recognize the need for a doctor's attention. *Monmouth Cty. Corr. Inst. Inmates,* 834 F.2d at 347. "Additionally, 'if unnecessary and wanton infliction of pain results as a consequence of denial or delay in the provision of adequate medical care, the medical need is of the serious nature contemplated by the Eighth Amendment.' " *Young v. Kazmerski,* 266 Fed. Appx. 191, 193 (3d Cir.2008) (quoting *Monmouth Cty. Corr. Inst. Inmates,* 834 F.2d at 347).

We do not find that Plaintiff has sufficiently stated, in his Amended Complaint, the personal involvement of any Defendant with respect to an Eighth Amendment claim.   Plaintiff only states the name of Defendant Jensen in the caption of his Amended Complaint and he does not specifically name any Defendant in the body of his pleading.  Presumably, Plaintiff has included all three original Defendants in his Amended Complaint.  We find that none of the Defendants  are sufficiently alleged to have been personally involved with respect to Plaintiff's above stated constitutional claims in his Amended Complaint.  It is well established that personal liability in a civil rights action cannot be imposed upon a prison official based on a theory of *respondeat superior*. *See, e.g., Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir. 1976); *Sutton v. Rasheed*, 323 F.3d 236, 249-250 (3d Cir. 2003);*Carpenter v. Kloptoski*, 2011 WL 995967, *6 (M.D. Pa. 3-17-11).

14

We find that Plaintiff's Amended Complaint lacks sufficient allegations of personal involvement, as required in a *Bivens* action, as against all three Defendants.

In *O'Connell v. Sobina*, 2008 WL 144199, * 21 (W.D. Pa.), the Court stated:

> Personal involvement by a defendant can be shown by alleging either personal direction or actual knowledge and acquiescence in a subordinate's actions. *Rode*, 845 F.2d at 1207. "Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity." *Id. See also Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005). Moreover, in order to maintain a claim for supervisory liability, a plaintiff must show: 1) that the supervising official personally participated in the activity; 2) that the supervising official directed others to violate a person's rights; or 3) that the supervising official had knowledge of and acquiesced in a subordinate's violations. *See Robinson v. City of Pittsburgh*, 120 F.3d 1286, 1293 (3d Cir. 1997); *Baker v. Monroe Twp.*, 50 F.3d 1186, 1190-91 (3d Cir. 1995).

As stated, the Court uses the same standard to screen a complaint under the PLRA as it does for a 12(b)(6) motion to dismiss. *See Banks v. County of Allegheny*, 568 F.Supp.2d 579, 588 (W.D. Pa. 2008).

In *Innis v. Wilson*, 2009 WL 1608502, *2 (3d Cir. 2009), the Court, citing *Iqbal,* stated:

> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal,* No. 07-1015, slip op. at 14 (May 18, 2009) [129 S. Ct. 1937 (2009)] (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).

> "Innis's allegation against Wilson also fail because Innis is attempting to establish liability based on supervisory liability. *See Rode v. Dellarciprete,* 845 F.2d 1195, 1207 (3d Cir.1988) (liability cannot be predicated solely on the operation of respondeat superior, as a defendant must have personal involvement in a civil rights action). Innis does not allege that Wilson had personal knowledge of his injury and subsequently acted with deliberate indifference. *Spruill,* 372 F .3d at 236. Accordingly, these claims were properly dismissed."

15

In *Saltzman v. Independence Blue Cross*, 2009 WL 1606887, *4 (E.D.Pa.), the Court stated:

> The Court in *Iqbal* explained that, although a court must accept as true
> all of the factual allegations contained in a complaint, that requirement
> does not apply to legal conclusions; therefore, pleadings must include
> factual allegations to support the legal claims asserted. *Id.* at 1949, 1953.
> "Threadbare recitals of the elements of a cause of action, supported
> by mere conclusory statements, do not suffice." *Id.* at 1949 (citing *Twombly*,
> 550 U.S. at 555); *see also Phillips v. County of Allegheny*, 515 F.3d 224,
> 232 (3d Cir.2008) ("We caution that without some factual allegation in the
> complaint, a claimant cannot satisfy the requirement that he or she provide
> not only 'fair notice,' but also the 'grounds' on which the claim rests."
> (citing *Twombly*, 550 U.S. at 556 n. 3)). Accordingly, to survive a motion
> to dismiss, a plaintiff must plead "factual content that allows the court to
> draw the reasonable inference that the defendant is liable for the
> misconduct alleged." *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S.
> at 556).

*See also Santiago v Warminister Tp.*, 2010 WL 5071779, * 5 (3d Cir. 12-14-10).

Based on the above detailed allegations in Plaintiff's Amended Complaint, Defendants have not been sufficiently stated to have been personally involved with Plaintiff's constitutional claims. Also, Plaintiff does not allege that these Defendant were aware that the recommendations of the outside specialist were not followed by the prison medical staff when he was waiting for his surgery, and he does not allege that Defendants knew he was in continued extreme pain while he awaited surgery.

Since Plaintiff has already been afforded one opportunity to amend his Complaint and since he was given specific directions how to do so, we shall recommend that Plaintiff's Amended Complaint be dismissed with prejudice based on futility of any further amended pleading and based on undue prejudice to Defendants. Thus, Plaintiff has already been afforded one opportunity to amend his claims against the BOP Defendants and he has failed to do so in a manner required to

16

state cognizable constitutional claims against them.  Plaintiff's action against Defendants has now been pending since July 16, 2010, over one year and seven months, and Plaintiff has still failed to file a proper pleading against them.  We find it inequitable to require Defendants wait any longer for Plaintiff to file a proper pleading against them.  The Third Circuit has held that a Plaintiff who filed an *in forma pauperis* request and whose Complaint fails to state a cognizable claim is entitled to amend his pleading unless the Court finds bad faith, undue delay, prejudice, or futility.  *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 111 (3d Cir. 2002);  *Alston v. Parker*, 363 F.3d 229, 235-236 (3d Cir. 2004).  *See also Forman v. Davis*, 371 U.S. 178, 182 (1982); *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (The futility exception means that a complaint, as amended, would fail to state a claim upon which relief can be granted); *Conway v. King Pharmaceuticals, Inc.*, 2008 WL 4128088, *2 (M.D. PA.).

## VI.  Recommendation.

Based on the foregoing, it is respectfully recommended that Plaintiff's Amended Complaint **(Doc. 32)** be dismissed with prejudice as against Defendants Richard Jensen, PA-C,  Jane Vander Hey-Wright, HCA, and Mary Jane Denuzzia, RN.  Moreover, it is  recommended  that  Plaintiff's Motion for Appointment of Counsel **(Doc. 18)** be denied and, that Plaintiff's Motion for Summary Judgment **(Doc. 23)** be denied.   Finally, it is recommended that Plaintiff's case be closed.

**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: March 9, 2012**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES E. DENNIS, | : | CIVIL ACTION NO. **4:CV-10-1486** |
| | : | |
| Plaintiff | : | (Judge Caputo) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| RICHARD JENSEN, et al., | : | |
| | : | |
| Defendants | : | |

## <u>NOTICE</u>

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **March 9, 2012.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings,
> recommendations or report addressing a motion or matter described in
> 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
> disposition of a prisoner case or a habeas corpus petition within fourteen (14)
> days after being served with a copy thereof.  Such party shall file
> with the clerk of court, and serve on the magistrate judge and all
> parties, written objections which shall specifically identify the
> portions of the proposed findings, recommendations or report to which
> objection is made and the basis for such objections.  The briefing
> requirements set forth in Local Rule 72.2 shall apply.  A judge shall
> make a *de novo* determination of those portions of the report or
> specified proposed findings or recommendations to which objection
> is made and may accept, reject, or modify, in whole or in part, the findings
> or recommendations made by the magistrate judge.  The judge, however,
> need conduct a new hearing only in his or her discretion or where
> required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.


                                              s/ Thomas M. Blewitt
    _____      THOMAS M. BLEWITT
                                              United States Magistrate Judge

**Dated: March 9, 2012**