# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES E. DENNIS, | |
| Plaintiff, | CIVIL ACTION NO. 4:10-CV-1486 |
| v. | (JUDGE CAPUTO) |
| RICHARD JENSEN, et al., | (MAGISTRATE JUDGE BLEWITT) |
| Defendants. | |

## MEMORANDUM

Presently before the Court is the Report and Recommendation ("R & R") of Magistrate Judge Thomas M. Blewitt (Doc. 33) and objections filed by Plaintiff James E. Dennis (Doc. 41). The Magistrate Judge recommends that this action be dismissed with prejudice because Dennis's Amended Complaint (Doc. 32) fails to state a claim. The Court agrees and will adopt the R & R and dismiss Dennis's Amended Complaint with prejudice.

## BACKGROUND

### A. Factual Background

Plaintiff James E. Dennis is currently an inmate at the Federal Correctional Institution Gilmer in Glenville, West Virginia. At all relevant times, he was incarcerated at the United States Prison–Canaan ("USP–Canaan") in Waymart, Pennsylvania. He has filed a *Bivens* action[1] asserting Eighth Amendment denial of medical care claims against three individuals employed by the Bureau of Prisons ("BOP") at USP–Canaan at all relevant times: Richard Jensen, PA-C (physician's assistant), Jane Vander Hey–Wright, HCA (health care

---

[1] A "*Bivens* action" is a judicially created remedy allowing individuals to seek damages for unconstitutional conduct by federal officials. This constitutional tort theory was set out in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). It is the federal counterpart to § 1983 claims brought against state officials. *Egervary v. Young*, 366 F.3d 238, 246 (3d Cir. 2004).

administrator), and Mary Jane Denuzzia, RN (registered nurse).

Dennis alleges the following in his *pro se* Amended Complaint (Doc. 32):

Dennis broke his wrist while in federal custody. After he sought medical attention, it was determined that the injury warranted outside medical care. Defendants provided Dennis with a temporary rubber brace for his wrist. A few days later, Dennis removed the brace before showering and it was stolen. He returned to "medical" and requested a stronger device, as the brace did not adequately support his wrist. Defendants refused to give him a stronger device and chastised him for being careless with the brace.

After three months had passed, Dennis was escorted to an outside medical facility. He was told that his wrist injury was too severe for individuals at that facility to treat and was recommended to undergo wrist surgery performed by a specialist. The "prison medical custodians" were given specific instructions to provide Dennis with a short arm splint, but these directions were not followed. Dennis continued to endure extreme pain and not have any support for his broken wrist. He was diagnosed with degenerative arthritis, which he will always suffer from, and will never be able to bend or flex his hand in a backward motion.

Had treatment been rendered sooner, Dennis would not have contracted arthritis of this magnitude and would have maintained full mobility of his hand. Defendants' reckless disregard for Dennis's medical needs has caused this permanent damage. Defendants' acts occurred while Defendants were federal employees acting under color of federal law. Dennis is suing Defendants in their individual capacities and seeks damages.

**B. Procedural History**

Dennis instituted this *Bivens* action *pro se* on July 16, 2010. He alleged the following in his original Complaint (Doc. 1):

On November 27, 2008, Dennis fell from his prison bunk at USP–Canaan and broke his wrist. Defendant Jensen refused his request for cast, giving him only a rubber wrist brace. On December 3, 2008, Defendant Denuzzia conducted an x-ray of Dennis's wrist, but also refused his request for a cast. At lunch the following day, Defendant Vander Hey–Wright expressed concern about Dennis's wrist, but responded to his request for a cast by saying he would receive outside treatment soon. On February 23, 2009, Dennis was evaluated by an outside orthopedic surgeon, who recommended surgery for a "non-union" of the scaphoid bone and noted that a cast should have been applied. On May 26, 2009, Dennis received surgery to correct this injury, but his wrist still requires additional medical treatment. He sought "to have [his] wrist fixed so that it can bend again" as well as $250,000.00 in compensatory damages from Defendants.

The Magistrate Judge screened Dennis's original Complaint pursuant to 28 U.S.C. § 1915[2] and recommended on August 23, 2010 that the case be dismissed with prejudice due to Dennis's failure to state an Eighth Amendment denial of medical care claim. (Doc. 8.) Dennis objected to the Magistrate Judge's R & R on September 10, 2010. (Doc. 11.) On November 29, 2011, the Court issued a Memorandum and Order that adopted the R & R in

---

[2] Section 1915 provides in pertinent part that:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
    (A) the allegation of poverty is untrue; or
    (B) the action or appeal--
        (i) is frivolous or malicious;
        (ii) fails to state a claim on which relief may be granted; or
        (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

part and rejected it in part. (Doc. 25.) The Court agreed that Dennis's original Complaint failed to sufficiently allege an Eighth Amendment denial of medical care claim against any Defendant, but did not agree that leave to amend would be futile. (*Id.* at 7.) Accordingly, the Court dismissed Dennis's original Complaint, gave him twenty-one days to amend it, and recommitted the matter to the Magistrate Judge. (Doc. 26.)

After being granted extensions of time, Dennis filed a Petition to Amend his Complaint on January 24, 2012. (Doc. 28.) On January 31, 2012, the Magistrate Judge granted the petition and directed Dennis to file an Amended Complaint within ten days. (Doc. 29.) The Magistrate Judge's Order instructed Dennis that the Amended Complaint must "properly allege a claim under 28 U.S.C. § 1331," "be complete in all respects," and "stand[ ] by itself as an adequate complaint without reference to the complaint already filed." (*Id.*)

After being granted an extension of time, Dennis filed his Amended Complaint on February 22, 2012. (Doc. 32.) Dennis attached to the Amended Complaint a copy of his March 1, 2011 BOP medical record, which detailed his examination by USP–Atwater medical staff regarding complaints of post-operative pain in his left wrist. (Doc. 32, Ex. A.) The staff at USP–Atwater found that Dennis had mild degenerative joint disease in his left wrist and prescribed a treatment plan of over-the-counter pain medication and follow-up sick calls as needed. (*Id.*) He also attached an affidavit in support of his Amended Complaint, in which he avers that his left wrist was broken after he fell from the top bunk while incarcerated at USP–Canaan and that "after months passed [he] was permitted to receive medical attention which sought immediate surgery due to the severity of [his] condition." (Doc. 32.)

On March 8, 2012, the Magistrate Judge screened Dennis's Amended Complaint pursuant to 28 U.S.C. § 1915 and again recommended that the case be dismissed with

prejudice due to Dennis's failure to state an Eighth Amendment denial of medical care claim against any Defendant. (Doc. 33.) The Magistrate Judge also recommended that Dennis's Motion for Appointment of Counsel (Doc. 18) and Motion for Summary Judgment (Doc. 23) be denied.[3] On March 29, 2012, the Court issued an Order adopting the R & R and closing the case. (Doc. 34.) On April 9, 2012, Dennis filed a Petition for Enlargement of Time to object to the R & R. (Doc. 35.) On April 13, 2012, the Court granted the petition, vacated its March 29, 2012 Order, and gave Dennis until May 1, 2012 to file objections to the R & R. (Doc. 37.) After being granted an additional extension of time, Dennis filed his objections to the R & R on July 3, 2012. (Doc. 41.) Therefore, the R & R is now ripe for disposition.

## DISCUSSION

### I. Legal Standard for Reviewing a R & R

Where objections to the Magistrate Judge's report are filed, the court must conduct a *de novo* review of the contested portions of the report, *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c)), provided the objections are both timely and specific, *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir. 1984). In making its *de novo* review, the court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Although the review is *de novo*, the statute permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980); *Goney*, 749 F.2d at 7; *Ball v.*

---

[3] Dennis filed a Motion for Appointment of Counsel on January 28, 2011. (Doc. 18.) He also filed a Motion for Summary Judgment on July 18, 2011 (Doc. 23), but did not file a brief in support or a statement of material facts, as required by Local Rules 7.5 and 56.1. These motions are also currently pending before the Court.

*United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7. At the very least, the court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376–77 (M.D. Pa. 1998). As such, the Court reviews the portions of the R & R to which the Plaintiff objects *de novo* and the remainder for clear error.

## II. Denial of Medical Care

The Eighth Amendment prohibits "unnecessary and wanton infliction of pain," which includes "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976). Such a claim requires that a plaintiff allege "(i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003). "Mere medical malpractice, negligence, and courses of treatment inconsistent with the desires of the prisoner . . . do not constitute deliberate indifference to serious medical needs." *Lopez v. Corr. Med. Servs., Inc.*, 499 F. App'x 142, 146 (3d Cir. 2012) (citing *Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004)). Instead, it must be shown that an official knowingly disregarded an excessive medical risk: "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "Deliberate indifference may be manifested by an intentional refusal to provide medical care, delayed medical treatment for non-medical reasons, a denial of prescribed medical treatment, or a denial of reasonable requests for treatment that results in

suffering or risk of injury." *Beckett v. Department of Corr.*, No. 1:10–CV–50, 2011 WL 4830787, at * 11 (M.D. Pa. Oct. 12, 2011).

The Magistrate Judge recommends that Dennis's Amended Complaint be dismissed with prejudice for failing to state an Eighth Amendment denial of medical care claim against Defendants. (Doc. 33 at 9–17.) The Magistrate Judge reasons that Dennis's allegations regarding Defendants' failure to provide him with a stronger brace or splint prior to his surgery amount, at most, to negligence claims. (*Id.* at 10.) Additionally, the Magistrate Jude notes that Dennis has not sufficiently alleged Defendants' personal involvement with respect to an Eighth Amendment claim. (*Id.* at 14–15.)

Dennis objects to the R & R, claiming that the Court's November 29, 2011 Memorandum and Order led him to believe that the only deficiency in his first Complaint was his claim for damages against Defendants.[4] (Doc. 41 at 2.) Dennis states that he did not recognize that the Court expected him to "individualize the parties" and allege how their conduct rose to the level of a violation of his Eighth Amendment rights. (*Id.*)

The Court is unpersuaded by this argument. The majority of the analysis in the Court's November 29, 2011 Memorandum and Order discusses the numerous ways in which Dennis's original Complaint failed to state Eighth Amendment denial of medical care claims against each Defendant. (Doc. 25 at 4–6.) The Court found that the Defendants' behavior, as alleged by Dennis, amounted, at most, to negligent treatment of

---

[4] In his original Complaint, Dennis sought damages of $250,000.00 from Defendants, but not specify if he was suing them in their individual and/or official capacities. (Doc. 1 at 3.) The Magistrate Judge struck the specific sum from the original Complaint (Doc. 8 at 3), and the Court adopted this recommendation pursuant to Local Rule 8.1 (Doc. 25 at 2). In his Amended Complaint, Dennis states that he is suing Defendants in their individual capacities and seeks damages. (Doc. 32 at 3.)

7

his broken wrist.  (*Id.* at 5.)  It also found that Dennis did not allege that any Defendant was deliberately indifferent to his serious medical needs or were aware of any substantial risk of serious harm.  (*Id.*)  Indeed, Dennis's original Complaint did not allege that any Defendant was made aware of his alleged suffering resulting from his broken wrist.  (*Id.*)

Dennis's Amended Complaint, which supercedes his original Complaint,[5] contains even fewer factual averments than its predecessor.  Dennis neither names any Defendant in the body of his Amended Complaint nor attributes any action to a specific Defendant.  Even if Dennis had done so, his allegations regarding Defendants' actions amount only to negligence claims against them.  Although Dennis characterizes the Defendants' actions as "reckless," he does not allege that Defendants were deliberately indifferent to a serious medical need or substantial risk of serious harm or even that they were made aware of such a need or risk of harm.  For these reasons, the Court finds that Dennis has failed to sufficiently state Eighth Amendment denial of medical care claims against Defendants and will dismiss his Amended Complaint.

Additionally, the Court will not grant Dennis leave to amend his Amended Complaint once more.  Permitting a curative amendment would be futile here, as Dennis has failed to cure the manifold deficiencies in his pleading despite receiving an opportunity to do so (along with ample instruction) from the Court.  Accordingly, Dennis's Amended Complaint (Doc. 32) will be dismissed with prejudice, as will his Motion for Appointment of Counsel (Doc. 18) and his Motion for Summary Judgment (Doc. 23).

---

[5] "It is well settled that 'an amended complaint supercedes the original version' and renders the original ineffective . . . ." *Laughman ex rel Campbell v. Black & Veatch Corp.*, No. 1:09–CV–695, 2010 WL 4514318, *4 (M.D. Pa. Nov. 2, 2010) (internal citations omitted).

## **CONCLUSION**

For the reasons above, the Court will adopt the Magistrate Judge's R & R. (Doc. 33.) Dennis's Amended Complaint (Doc. 32), Motion for Appointment of Counsel (Doc. 18), and Motion for Summary Judgment (Doc. 23) will be dismissed with prejudice. Dennis will not be granted further leave to amend his pleading, as permitting a curative amendment would be futile here.

An appropriate order follows.

| | |
|---|---|
| May 20, 2013 <br> Date | /s/ A. Richard Caputo <br> A. Richard Caputo <br> United States District Judge |